**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHAFEKA Z. MOHAMED,
Plaintiff-Appellant,

v.

No. 98-2341

CREATIVE HAIRDRESSERS,
INCORPORATED, d/b/a Hair Cuttery,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-97-970-3)

Submitted: March 31, 1999

Decided: April 21, 1999

Before ERVIN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott Gregory Crowley, CROWLEY & CROWLEY, Richmond, Virginia, for Appellant. Steven R. Semler, SEMLER & PRITZKER, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shafeka Z. Mohamed appeals from the district court's order granting summary judgment to her employer and dismissing her discrimination claim, under Title VII of the Civil Rights Act, as amended. For the reasons that follow, we affirm.

The relevant facts are undisputed. Shafeka Z. Mohamed worked as a hair stylist for Creative Hairdressers, Inc. ("Hair Cuttery"). At approximately 8:20 p.m., on November 8, 1996, Mohamed began to leave the Hair Cuttery shop to go home for the evening. The assistant manager on duty that night informed Mohamed that she was scheduled to work until 9 p.m. and told her not to leave. Despite the manager's clear warning that if she left the store she could be fired, Mohamed left the shop. Thereafter, Mohamed was terminated for leaving early in direct violation of her manager's order to stay. Mohamed alleges she was fired because of her national origin and race.

Mohamed's claims fail for several reasons. First, the derogatory comments made regarding her Egyptian heritage were unrelated to her termination and thus are not direct evidence of discrimination. See Hopkins v. Baltimore Gas & Elec., 77 F.3d 745, 754 (4th Cir. 1996); Wilhelm v. Blue Bell, Inc., 773 F.2d 1429, 1433-34 (4th Cir. 1985). Second, her clear act of insubordination reveals she was not performing her job in a satisfactory manner, and accordingly, she cannot establish a prima facie case of discrimination under the McDonnell Douglas burden-shifting scheme. See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1228 (4th Cir. 1998). Third, Mohamed has failed to rebut the employer's legitimate nondiscriminatory justification for its action. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993).

2

Finally, we find no merit in Mohamed's allegation that the district court was hostile to her claim and unfairly biased against her. Accordingly, we affirm the order of the district court. We grant Hair Cuttery's motion to submit the case without oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3